IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60817
Conference Calendar
_____

HARVINDER SINGH,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

- - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A 72 131 753
- - - - - - - - - -

February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

     Harvinder Singh petitions this court for review of the Board
of Immigration Appeals' (BIA) denial of his applications for
asylum, the withholding of deportation, and voluntary departure.
He argues that he established that he had a well-founded fear of
persecution from the Indian police and from the Sikh Student
Federation, a militant group in India.  He also challenges the

_____

     [*]This matter is being decided by a quorum.  28 U.S.C. §
46(d).

     [**]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

BIA's and the Immigration Judge's determinations that Singh's assertions that he had been persecuted lacked credibility and the determinations that Singh was not eligible for voluntary departure.

The BIA's decision to deny Singh asylum and the withholding of deportation was based upon a credibility determination that Singh had fabricated the events he alleged in support of his requests for asylum and the withholding of deportation.  We do not review decisions based upon credibility determinations.  See Zhu Yu Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  Because Singh gave false testimony to avoid deportation, the BIA's denial of his request for voluntary departure was not an abuse of discretion.  See 8 U.S.C. § 1101(f)(6); Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994).  Singh's petition for review is DENIED.